Case 3:21-cv-00330   Document 32   Filed on 09/29/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

### GALVESTON DIVISION

No. 3:21-cv-330

LARRY MAXWELL, *PLAINTIFF*,

v.

CVS PHARMACY, INC. *ET AL.*, *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court are the defendants' two motions to dismiss. Dkts. 13, 14. The court grants both motions.

## I. Background

As part of the Federal Retail Pharmacy Program, the Centers for Disease Control and Prevention (CDC) engaged various pharmacies to administer COVID-19 vaccines. Dkt. 18 at 7–8. On six occasions the plaintiff, Larry Maxwell, alleges he registered for the COVID-19 vaccine at the defendants' places of business to see if they would administer the vaccine without warning that it could kill or disable him. Dkt. 1-5 at 35 ¶ 131; 43–44 ¶ 161. Each time, the defendants provided Maxwell with a Vaccine

Information Fact Sheet before he ultimately opted out of taking the vaccine. Dkt. 1-5 at 13 ¶ 51. He alleges that the Vaccine Information Fact Sheets the defendants provided to him were "wholly irrelevant to the drug." *Id.* Maxwell further alleges that the Vaccine Information Fact Sheets "were the furthest thing from informing patients of the risks injected" and were intended to mislead the reader into thinking the vaccine was safe. Dkt. 16 at 13 ¶ 1.

Maxwell has sued CVS Pharmacy, Inc., H-E-B, LP, Walmart Inc., The Kroger Co., Walgreen Co., and the University of Texas Medical Branch at Galveston, alleging that they knowingly and willfully failed to warn patients of "the unreasonable risk of substantial harm" from the COVID-19 vaccines. *See* Dkt. 1-5 at 2–3 ¶¶ 3–8; 5–6 ¶¶ 20–21. Maxwell accuses the defendants of: (1) violating Texas informed-consent laws; (2) fraudulent concealment; (3) fraudulent inducement; (4) deceptive trade practices; (5) unjust enrichment; and (6) failure to warn under Chapter 148 of the Texas Civil Practice & Remedies Code. Dkt. 1-5 at 1, 5–6 ¶ 20; 77 ¶¶ 135–36; 80 ¶ 146. He seeks a declaratory judgment, temporary and permanent injunctive relief, actual and exemplary damages, and attorney's fees and costs. Dkt. 1-5 at 84–85.

The defendants have moved to dismiss Maxwells' claims for lack of Article III standing and for failure to state a claim upon which relief may be

granted. *See* Dkts. 13, 14. Maxwell has not responded to either motion.

## II. Standard of Review

Rule 12(b)(1) requires dismissal if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proof. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. U.S. CONST. art. III, § 2, cl. 1; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001). When standing is challenged in a motion to dismiss, the court "must accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quotations omitted).

The question under a Rule 12(b)(6) motion to dismiss is "whether in the light most favorable to the plaintiff and with every double resolved in his behalf, the complaint states any valid claim for relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRAC. & PROC. § 1357, 601 (1969)). To survive a motion to dismiss for failure to state a claim under Rule 12(b)6), a plaintiff

must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* "The court does not 'strain to find inferences favorable to the plaintiffs' or 'accept conclusory allegations, unwarranted deductions, or legal conclusions.'" *Vanskiver v. City of Seabrook, Tex.*, No. H-17-3365, 2018 WL 560231, at *2 (S.D. Tex. Jan. 24, 2018) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). Naked assertions and formulaic recitals of the elements of the claim will not suffice. *Iqbal*, 556 U.S. at 678. Even if the facts are well-pleaded, the court must still determine plausibility. *Id.* at 679.

*Pro se* litigants' court submissions are construed liberally and held to less stringent standards than submissions of lawyers. *Boag v. MacDougall*, 454 U.S. 364 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). Courts provide *pro se* parties wide latitude when construing their pleadings and papers and use common sense to determine what relief the party desires. *S.E.C. v. Elliott*, 952 F.2d 1560, 1582 (11th Cir. 1992).

### III. Article III Standing

The defendants argue that Maxwell cannot establish that he suffered an injury because he never received the COVID-19 vaccine. Dkts. 13 at 8; 14

at 7.

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014). The injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A "plaintiff cannot establish standing by asserting an abstract 'general interest common to all members of the public,' 'no matter how sincere' or 'deeply committed' a plaintiff is to vindicating that general interest on behalf of the public." *Carney v. Adams*, 141 S. Ct. 493 (2020).

Here, the brunt of Maxwells' live complaint focuses on the defendants' alleged failure to obtain informed consent. Maxwell alleges that the defendants "knowingly and willfully have orchestrated a scheme to fraudulently conceal" from him the "known abhorrent risks of being injected" with the COVID-19 vaccine. Dkt. 1-5 at 77 ¶ 135. But Maxwell has not alleged any physical injury, as it is undisputed that Maxwell never received the COVID-19 vaccine. Dkt. 1-5 at 29 ¶ 107; 36 ¶ 133. Nor does Maxwell allege the threat of future injury because he has not alleged an intent to be vaccinated in the future. *Ashcroft v. Mattis*, 431 U.S. 171 (1977)

("speculation is insufficient to establish the existence of a present, live controversy"). Finally, to the extent Maxwell asserts he has suffered an informational injury—assuming *arguendo* such an injury is valid for Article III purposes—his pleadings that claim because he repeatedly opted out of being receiving the vaccine *because of* his understanding of the vaccines' alleged risks.

Similarly, Maxwell lacks standing to seek injunctive relief because he has not alleged a real and immediate threat of irreparable harm, whether physical or informational. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" (quoting *O'Shea v. Littleton*, 414 U.S. at 502)). Maxwell is already aware of the supposed risks or defects in the vaccine and so cannot manufacture standing by exposing himself to the risks of which he now complains. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013); *Brawley v. Bath & Bath Works, LLC*, 3:18-cv-02098-S, 2019 WL 7945655, at *3 (N.D. Tex. Sept. 25, 2019); *Guillot v. Aventis Pasteur, Inc.*, No. 02-3373, 2013 WL 4508003, at *8 (E.D. La. Aug. 12, 2013) (dismissing request for injunctive relief where the

plaintiff objected to marketing of vaccine to children under seven but the plaintiff was over seven and unlikely to receive the vaccine).

Because Maxwell has failed to allege a concrete and particularized injury, he has no standing. Because he has no standing, this court has no subject-matter jurisdiction. And because the court has disposed of this matter under Rule 12(b)(1), it need not address the defendants' arguments under Rule 12(b)(6).

\*   \*   \*

The court grants the defendants' motions to dismiss. Dkts. 13, 14. Maxwell's claims are dismissed without prejudice.

Signed on Galveston Island this 29th day of September, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE